# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI OXFORD DIVISION

| | |
|---|---|
| **PROTECTIVE LIFE INSURANCE COMPANY,** ) ) ) *Plaintiff,* ) ) **v.** ) ) **CHARMA HUGHES HASKINS,** ) **ANTONIO HUGHES,** ) **TAQUITA REYNOLDS,** ) **and WALTER BAXTER,** ) ) *Defendants.* ) | **Case No:** 3:18CV269-NBB-JMV |

## COMPLAINT IN INTERPLEADER

COMES NOW PROTECTIVE LIFE INSURANCE COMPANY ("Protective"), by its undersigned counsel, and hereby submits this Interpleader Complaint against Defendants Charma Hughes Haskins, Antonio Hughes, TaQuita Reynolds, and Walter Baxter (collectively, the "Defendants"). In support thereof, Protective respectfully states as follows:

## PARTIES

1. Protective is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Birmingham, Alabama. Protective is, and at all times relevant to this Complaint was, duly authorized to transact business in the State of Mississippi, including Desoto County, Mississippi.

2. Upon information and belief, Charma Hughes Haskins is a citizen of the State of Alabama.

3. Upon information and belief, Antonio Hughes is a citizen of the State of Texas.

4. Upon information and belief, TaQuita Reynolds is a citizen of the State of Alabama.

04667771.1

5. Upon information and belief, Walter Baxter is a citizen of the State of Mississippi.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because there is diversity of citizenship between two or more claimants, and the amount in controversy exceeds $500.00. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967) (stating that 28 U.S.C. § 1335 requires only minimal diversity, that is, diversity of citizenship between two or more claimants, without regard to circumstance that other rival claimants may be co-citizens).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because this is a judicial district in which one of the claimants, Walter Baxter, resides.

**FACTUAL ALLEGATIONS**

8. On October 14, 1996, Interstate Assurance Company issued a life insurance policy, Policy H00330404 (the "Policy"), to Bobbie J. Hughes (hereinafter the "Insured") in the face amount of $50,000.00. In the application that was incorporated as part of the Policy, the Insured's children, Charma L. Hughes and Antonio T. Hughes, were listed as the Policy beneficiaries, with each child designated to receive 50% of the Policy proceeds. A copy of the Policy is attached as Exhibit A.

9. In 2002, Interstate Assurance Company merged with and into Protective. Protective thereafter assumed contractual responsibility for the Policy.

10. On July 18, 2017, Protective mailed the Insured a letter confirming the current beneficiary designation on the Policy as Charma L. Hughes and Antonio T. Hughes, with each designated to receive 50% of the Policy proceeds. This letter is attached as Exhibit B.

11. On April 30, 2018, Protective mailed the Insured a change of beneficiary form, in response to a request purportedly made by the Insured. This form is attached as Exhibit C.

12. The change of beneficiary form was purportedly signed by the Insured on May 5, 2018, and returned to Protective, designating the following individuals as Policy beneficiaries: Charma Haskins – $15,000.00; Antonio Hughes – $15,000.00; Taquita Reynolds – $10,000.00; Walter Keith Baxter – $10,000.00. The witness on the change of beneficiary form is listed as Jwanna Wrenn. This change of beneficiary form is attached as Exhibit D.

13. On May 16, 2018, Protective mailed a letter to the Insured, stating that the change of beneficiary form signed on May 5, 2018 could not be processed as submitted because the form contained dollar amounts for the beneficiary designations rather than the intended percentage of the death benefit. This letter is attached as Exhibit E.

14. On June 22, 2018, a change of beneficiary form was purportedly signed by the Insured and returned to Protective, designating the following individuals as Policy beneficiaries: Charma Hughes – 30%; Antonio Hughes – 30%; Taquita Reynolds – 20%; Walter Baxter – 20%. The witness on the change of beneficiary form is listed as Jwanna Wrenn. This change of beneficiary form is attached as Exhibit F.

15. On July 2, 2018, Protective mailed to the Insured an acknowledgement of the June 22, 2018 beneficiary change. This letter of acknowledgment is attached as Exhibit G.

16. The Insured died on September 9, 2018.

17. On September 13, 2018, Protective received a call from the Insured's daughter, Charma Hughes Haskins (formerly Charma L. Hughes), who claimed that the change of beneficiary designations made on June 22, 2018, were fraudulent and potentially made by Walter

04667771.1

Baxter. Ms. Haskins stated that the Insured was hospitalized at the time the change of beneficiary was made.

18. On September 21, 2018, Protective received a letter via email from Jonathan Mok, a representative from Legal Services of Alabama. The letter stated that Bryan Haskins, husband of Charma Haskins, allegedly induced TaQuita Reynolds into signing a Renunciation Form, in which she disclaimed her interests in the Policy. The letter asserts that at the time she signed the Renunciation Form, Ms. Reynolds did not know the nature of the document. The letter characterized Ms. Reynolds's signing of the Renunciation Form as "fraud in the factum" perpetrated by Mr. Haskins. Mr. Mok's email and accompanying documents are attached as Exhibit H.

19. Thereafter, on September 21, 2018, TaQuita Reynolds submitted a Claimant's Statement to Protective via facsimile. Ms. Reynolds's Claimant's Statement is attached as Exhibit I.

20. On October 2, 2018, Walter Baxter submitted a Claimant's Statement to Protective via facsimile. Mr. Baxter's Claimant's Statement is attached as Exhibit J.

21. On October 30, 2018, Bryan Haskins informed Protective that the Southaven Police Department was pursuing felony forgery charges against Walter Baxter for his alleged role in forging checks belonging to the Insured.

22. Charma Haskins also informed Protective in an e-mail dated November 29, 2018, that the purported witness on the June 22, 2018 change of beneficiary form, Jwanna Wrenn, could not be identified or located.

## INTERPLEADER TO DEPOSIT POLICY PROCEEDS
## INTO THE REGISTRY OF THE COURT

23. Protective incorporates by reference each preceding paragraph as if fully set forth herein.

24. Protective admits that the Policy proceeds, plus accrued interest, are payable. However, due to the issues surrounding the June 22, 2018 change of beneficiary form, Protective cannot determine without peril whether the Policy proceeds should rightfully be paid to Charma Haskins and Antonio Hughes or Walter Baxter, TaQuita Reynolds, Charma Haskins, and Antonio Hughes.

25. Protective claims no beneficial interest in the Policy's death benefit, and is instead a mere stakeholder.

26. Unless the potentially conflicting claims of Charma Haskins, Antonio Hughes, Walter Baxter, and TaQuita Reynolds are disposed of in a single proceeding, Protective may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy proceeds.

27. Protective is ready, willing, and able to pay the Policy's death benefit and accrued interest into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

28. Protective is entitled to an order enjoining the Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Protective for the recovery of any claim, in whole or in part, against the Policy.

04667771.1

29.     Protective should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this interpleader action.

## **RELIEF REQUESTED**

WHEREFORE, Protective respectfully requests that this Court enter a final judgment in its favor and against the Defendants as follows:

1.      That the aforementioned Policy proceeds be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2.      That the Court adjudicate the rightful recipient(s) of the Policy proceeds;

3.      That the Court enter an order enjoining each of the Defendants, their agents, attorneys, or assigns, from instituting or maintaining any action in any state or federal court against Protective for the recovery of any claim, in whole or in part, against the Policy;

4.      That an award be made to Protective out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Protective is compelled to expend in the prosecution of this lawsuit;

5.      That Protective be dismissed with prejudice from this action, and discharged from any and all liability with respect to, affecting, or in any way arising out of the Policy; and

6.      That Protective be awarded such other and further relief as the Court may deem appropriate.

Dated: December 10, 2018.

04667771.1

Respectfully submitted by

*s/ Ollie A. ("Tres") Cleveland, III*
Ollie A. ("Tres") Cleveland, III,
MSB No. 101178

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
tcleveland@maynardcooper.com

Attorney for Plaintiff
Protective Life Insurance Company

04667771.1