IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHARMA HUGHES HASKINS
ANTONIO HUGHES                                                    CLAIMAINTS

VS.                                          CIVIL ACTION NO.: 3:18cv269-JMV

TAQUITA REYNOLDS                                                  CLAIMAINT

VS.

WALTER BAXTER                                                     CLAIMAINT

## **ORDER**

This motion is before the court upon Claimant/Cross-Defendant, Taquita Reynolds's,[1] motion "to not attend the final settlement conference on June 18th, 2020… [and] to waive our right to a settlement at this time." Doc. #83 at 1.

There is no settlement conference set for June 18, 2020. There is a telephonic final pretrial conference setting as this case is set for trial on July 16, 2020. Furthermore, the assertion that "the judge gave Antonio Hughes and Charma H. Haskins the right to determine our disbursements although we did file our claimant forms" is simply factually inaccurate. The parties' rights and obligations in this action will be determined at the upcoming trial.

Finally, as the attendance of all counsel (including Ms. Reynolds, who is representing herself) is required at all final pretrial conferences (this one being held telephonically) absent prior excusal for good cause, Ms. Reynolds, having not established any good cause and representing herself, is not excused, but shall attend, the scheduled telephonic final pretrial

---

[1] Ms. Reynolds appears to also file this motion on behalf of fellow claimant/cross-defendant, Walter Baxter, who is represented by counsel, Gordon Shaw, not Ms. Reynolds. To that extent, the motion is denied as improper. Should Mr. Baxter wish to seek voluntarily dismissal from the case, pursuant to Rule 41, he should do so through his counsel.

conference. Should she—or any *pro se* litigant or counsel for represented parties—fail to do so, absent good cause established in advance of the conference, she will risk dismissal/default or other sanctions.[2]

**SO ORDERED** this, the 17th day of June, 2020.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "All scheduled conferences must be attended by counsel of record who will participate in the trial …. The court may require the attendance or availability of the parties, as well as counsel. Should a party or his attorney fail to appear or fail to comply with the directions of this rule, an *ex parte* hearing may be held and a judgment of dismissal or default or other appropriate judgment entered or sanctions imposed." L. U. Civ. R. 16(j)(6)(A).